FILED
1999 AUG 31 AM 10: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
Southern Division

BRENDA SUE MAJORS and )
KENNETH W. MAJORS, )
    Plaintiffs, )
)
v. ) CV 99-P-1493-S
)
AMERICAN HOME PRODUCTS )
CORPORATION, et al., )
    Defendants. )

ENTERED
AUG 3 1 1999

## Opinion

    Before this Court is a motion by the Plaintiffs to remand this matter to the Circuit Court of Shelby County, Alabama, pursuant to 28 U.S.C. § 1447(c). For the reasons expressed below, the Plaintiffs' motion to remand this action is hereby granted.

### Facts

    On March 26, 1997, Plaintiff Brenda Sue Majors was prescribed the drug Redux (dexfenfluramine) by Dr. Thomas Smitherman, a practicing physician at Cahaba Family Medicine. Mrs. Majors took Redux for approximately one month during March and April of 1997. On April 27, 1999, Plaintiffs Brenda Sue and Kenneth Majors, both Alabama residents, brought suit against American Home Products Corporation ("AHPC"), Cahaba Family Medicine, P.C. ("Cahaba Family Medicine"), and Dr. Smitherman in connection with Mrs. Majors' ingestion of the drug Redux and subsequent heart valve damage which she suffered. Plaintiffs allege various products liability, negligence, and warranty claims against AHPC and allege that Dr. Smitherman and Cahaba Family Medicine were negligent in advising Mrs. Majors about Redux and in obtaining her informed consent.

    On June 9, 1999, Defendant AHPC filed a notice of removal. In its notice, AHPC, a corporation incorporated in Delaware and having its principal place of business in the State of New Jersey, argued that this Court has proper jurisdiction over Plaintiffs' claims because Dr. Smitherman and Cahaba Family Medicine were fraudulently joined in this case, thereby making their citizenship a non-factor in determining the existence of complete diversity. On July 8, 1999, Plaintiffs filed a motion to remand this action to the Circuit Court of Shelby County, Alabama, stating that this Court lacks subject matter jurisdiction. Specifically, Plaintiffs argue that Dr. Smitherman and Cahaba Family Medicine were properly joined in this case.

**Discussion**

A. Removal Procedures Generally

In accordance with 28 U.S.C. § 1441(a), an action commenced in state court that falls within the original jurisdiction of the federal district courts may be removed to federal court. Furthermore, under § 1441(b), a case is removable only if none of the defendants is a citizen of the state in which the action was brought. Nevertheless, citizenship of "fraudulently joined" defendants will be disregarded in determining whether this requirement is met and whether complete diversity exists. B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) that the plaintiff has fraudulently pled jurisdictional facts to get the resident defendant into state court. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). Undoubtedly, the burden on the removing party is a high one, and a case involving an allegation of fraudulent joinder as a basis for removal should be remanded if there is any possibility that a state court would find that the complaint states a cause of action against a resident defendant. Id. Furthermore, in deciding whether the removing party has met its burden of persuasion on the issue of fraudulent joinder, the trial court must resolve all uncertainties in favor of the plaintiff. Id. at 1541-42 ("after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that state law might impose liability on the facts involved.'").

B. Plaintiff's Motion to Remand in the Present Case

Having alleged that Dr. Smitherman and Cahaba Family Medicine were fraudulently joined, Defendant AHPC bears the burden of proving that there is no possibility that the plaintiff would be able to establish a cause of action against them. See Crowe, 113 F.3d at 1541-42. In the present case, AHPC argues that this burden is satisfied because the Plaintiffs could not possibly maintain a cause of action against Smitherman and Cahaba Family Medicine under Alabama law because such claims would be barred by the limitations period of Ala. Code § 6-5-482 (1993).[1] Section 6-5-482 bars any contract or tort claims against physicians and medical institutions which are not brought

---

[1] § 6-5-482 provides as follows: (a) All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission, or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.

within two years of the act, omission, or failure giving rise to the claim. This statute has been interpreted by the Alabama Supreme Court so that "[a] cause of action 'accrues' under § 6-5-482 when the act complained of results in legal injury to the plaintiff," regardless of when the act of omission occurred. Mobile Infirmary v. Delchamps, 642 So. 2d 954, 958 (Ala. 1994). Therefore, if Plaintiffs did not file this cause of action within two years of the date on which the injury occurred, there would be no possibility that they would be able to establish a cause of action against Dr. Smitherman and Cahaba Family Medicine, who would be deemed to have been fraudulently joined. See Crowe, 113 F.3d at 1541-42.

The Alabama Supreme Court has explained that pinpointing an injury's occurrence should be determined by looking to when the injury complained of actually commenced. Mobile Infirmary v. Delchamps, 642 So.2d 954, 958 (Ala. 1994). In Delchamps, the court also provided some guidance for dealing with § 6-5-482 in a situation where it is difficult to pinpoint an actual date that the injury commenced. Id. In the case, the plaintiff brought suit when dental implants that had been surgically placed into her jaw caused severe bone degeneration. While the implants were placed into plaintiff's jaw on December 5, 1985, X-rays did not reveal that the implants had caused severe joint degeneration until December 10, 1991, and plaintiff did not file suit until June 2, 1992. In holding that plaintiff's claims were not barred by the limitations period, the Alabama Supreme Court concluded that the plaintiff "may be able to establish that although the implants were placed in her jaw on December 5, 1985, she did not suffer legal injury until December 10, 1991, or some other time within two years of the filing of her complaint." Delchamps, 642 So. 2d at 958. While the court did not make a determination as to when plaintiff's bone degeneration occurred, it denied defendants' motion to dismiss on the basis that plaintiffs are not required to allege with specificity the date on which they suffered actual injury and because it could not be said for certain that the injury did not commence within two years of the filing of the complaint. Id. at 958-59.

In a case more factually similar to the present case, the Alabama Supreme Court also recognized in Ramey v. Guyton, 394 So. 2d 2 (Ala. 1980), that an action against a physician who prescribes a drug which ultimately injures a plaintiff accrues on the date that the injury complained of occurs, not necessarily the date that the prescription was written, the date when the plaintiff actually began taking the drug, or the date that the plaintiff discovered the injury. In Ramey, plaintiff brought a medical malpractice claim against a doctor who prescribed birth control pills to her in August of 1975. Ramey, 394 So. 2d at 4. The plaintiff took these pills daily for almost a full year, when she suffered a stroke. Id. In holding that the date on which the plaintiff suffered the stroke was the date that the cause of action accrued, the Alabama Supreme Court construed § 6-5-482 as providing for the statutory period to commence running concurrently with the accrual of the cause of action even though the accrual did not coincide with the occurrence of the negligent act. Id.

Following the Delchamps and Ramey decisions, the statutory period of § 6-5-482 should start to run at the time that Mrs. Majors' valvular damage commenced, regardless of the date that Redux was prescribed or initially ingested. See Delchamps, 642 So. 2d 958-59; Ramey, 394 So. 2d at 4. Nevertheless, AHPC argues that the court's decision in Ramey is distinguishable from the present case because the decision in Ramey was premised on the fact that the justices could pinpoint plaintiff's stroke as the onset of her injury because plaintiff was taking the medicine up until the time of her stroke. Therefore, following AHPC's construction of Ramey, plaintiff's heart valve damage

must have occurred during the time that she was using Redux in order for her claims to comply with § 6-5-482. Mrs. Majors was first prescribed Redux on March 26, 1997. According to her complaint and her medical records, she only took Redux for approximately one month. Thus, AHPC argues that any damage that Mrs. Majors sustained from her ingestion of Redux had to have commenced during the one month period that she was taking the drug, a period which AHPC contends ended on April 26, 1997, two years and one day before Plaintiffs filed suit in this case. While it is correct that the statute of limitations begins to run when the first injury, however slight, occurs, AHPC offers no factual or scientific evidence that suggests that an injury such as the one that Mrs. Majors has suffered could not have developed or occurred subsequent to the actual ingestion of dexfenfluramine. See Free v. Granger, 887 F.2d 1552, 1555 (11th Cir. 1989). Medical studies have suggested that valvular heart disease could develop in patients taking dexfenfluramine after as little as a month of taking the drug or after twelve months of taking the drug. See Diet Pills Redux, 337 NEJM 629-30 (1997). Furthermore, even following AHPC's interpretation of Ramey and assuming that Mrs. Majors only took Redux for a period of exactly one month, it has not been established that this one month ingestion period commenced on the date that the drug was prescribed or that the period in which she took the drug was uninterrupted. For instance, had Mrs. Majors begun taking Redux on the day after she was first prescribed the drug on March 26, 1997, her filing of a complaint on April 27, 1999 would satisfy the limitations period of § 6-5-482.

As was the case in Mobile Infirmary v. Delchamps, it is unclear from the facts presented when the Plaintiff's heart valve damage actually occurred. Yet, just as Plaintiff's failure to allege the date when she first suffered the valvular damage would not be a ground for a dismissal under Rule 12(b)(6), such failure is not a grounds for establishing that Dr. Smitherman and Cahaba Family Medicine were fraudulently joined. See Delchamps, 642 So. 2d at 958. In making a determination as to whether Dr. Smitherman and Cahaba Family Medicine were fraudulently joined in this case, the defendant has the burden of proving that there is no possibility that the plaintiff can establish a cause of action against these two defendants. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). AHPC has not carried this burden. This Court is bound to draw all reasonable inferences in the record in the plaintiff's favor in deciding whether there may be a "reasonable basis for predicting that state law might impose liability on the facts involved" in this case. Id. at 1541-42. Considering the uncertainty concerning when Mrs. Majors heart valvular disease actually commenced, this Court cannot say with any degree of certainty that claims against Dr. Smitherman and Cahaba Family Medicine would be precluded by the limitations period of § 6-5-482. Therefore, pursuant to 28 U.S.C. § 1441(a), this action is to be remanded to the Circuit Court of Shelby County, Alabama.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is hereby granted.

Dated: _August 30_, 1999

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Tom Dutton
    Mr. Michael C. Bradley
    Ms. Maibeth J. Porter
    Ms. Katharine A. Weber
    Ms. Marcie E. Papuda